UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DeBOSKEY,

    Plaintiff,

v.                                                        Case No.: 8:14-cv-1778-MS-TGW

SUNTRUST MORTGAGE, INC., et al.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Attorney's Fees ("Defendant's Motion") filed by Defendant Christiana Trust, A Division of Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust Series 2012-2013 ("Christiana Trust" or "Defendant"), (Dkt. 197), and the response in opposition thereto. (Dkt. 200) On November 30, 2017, United States Magistrate Judge Thomas G. Wilson issued a Report and Recommendation, recommending that the Defendant's Motion be denied for failure to include a memorandum of law or otherwise provide legal support for its request for attorney's fees in violation of Local Rule 3.01(a) and for failure to comply with Local Rule 3.01(g). (Dkt. 201) On December 15, 2017, Christiana Trust filed an Objection to Magistrate's Report ("Defendant's Objection"). (Dkt. 202) Defendant's Objection was filed one-day after the fourteen-day deadline to file written objections to the Report and Recommendation's factual findings and legal conclusions. (Dkt. 201 at 8) On December 19, 2017, Plaintiff filed a Motion to Strike Defendant Christiana Trust's Objection to Magistrate's Report and Recommendation ("Plaintiff's Motion"). (Dkt. 203) The Defendant has not filed any response to Plaintiff's Motion, and

1

the time for doing so has passed. Despite Defendant's untimely filing, the Court has considered Defendant's Objection.[1] For the reasons that follow, the Court **OVERRULES** Defendant's Objection and **ADOPTS AND APPROVES** the Report and Recommendation of Magistrate Judge Wilson.

## I. STANDARD OF REVIEW

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779

---

[1] The district court is not barred from considering late objections, as the deadline for objecting to a magistrate judge's report and recommendation is not jurisdictional. See Kruger v. Apfel, 214 F.3d 784, 786–87 (7th Cir. 2000) (holding that "the district court was not barred from considering the late objections" to a magistrate judge's R&R); Vogel v. U.S. Office Prod. Co., 258 F.3d 509, 515 (6th Cir. 2001) ("[W]here a party files objections after [the time period allowed by rule], a district court can still consider them."); Poverty Destroyed Forever (PDF) LLC v. Visio Fin. Servs., Inc., No. 1:16-CV-2558-AT, 2017 WL 8219039, at *1 (N.D. Ga. Aug. 9, 2017) ("Defendants' objections are untimely, but the Court nevertheless reviews the R&R de novo."); Robinson v. Varano, No. 3:10-CV-2131, 2013 WL 3475326, at *4 (M.D. Pa. July 10, 2013).

n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II. DISCUSSION

Plaintiff, proceeding *pro se*, brought this suit against Defendant Christiana Trust and 26 others alleging various causes of action including *inter alia* for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"). On September 14, 2017, the Court dismissed Plaintiff's FDCPA and FCCPA claims against Defendant, finding that they were time barred. (Dkt. 192 at 34) Defendant subsequently filed its Motion seeking to recover attorney's fees and costs under the FDCPA and FCCPA. (Dkt. 197 at ¶¶ 5–7)

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. 1692k(a)(3). "The burden is on the prevailing defendant to affirmatively show that the action was brought in bad faith and for the purposes of harassment." Gillis v. Deutsche Bank Tr. Co. Americas, No. 2:14-CV-418-FTM-38CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), report and recommendation adopted sub nom. Gillis v. Deutsche Bank Tr. Co., No. 2:14-CV-418-FTM-38CM, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016). Defendant made no attempt in its request for attorney's fees to show or establish that Plaintiff brought this action in bad faith and for the purpose of harassment. Therefore, the Court affirms the denial of attorney's fees as to the FDCPA claims.

The FCCPA provides a broader standard for recovery of attorney's fees than the FDCPA, stating, "If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2). Defendant's Motion makes the conclusory argument that Plaintiff's lawsuit fails to raise a justiciable issue of law or fact because both the FDCPA and FCCPA counts were dismissed as time barred under the applicable statute of limitations. (Dkt. 107) Defendant's Motion contains no legal support for this proposition. Defendant further argues in its Objection that "had the complaint raised a justiciable issue, it would not have been dismissed. Moreover, the fact that the complaint was dismissed as it was filed outside the statute of limitations is further proof that it fails to raise a justiciable issue as the complaint was legally insufficient." (Dkt. 202)

As Defendant notes in its Objection, "[t]here is scant authority expounding on what constitutes a failure 'to raise a justiciable issue of law or fact' in the context of a claim for fees by a prevailing defendant in an FCCPA case." (Dkt. 202 at 3 (quoting Conner v. BCC Fin. Mgmt. Services, Inc., 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008)). However, "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous." Conner, 597 F. Supp. 2d at 1302; see also Piancone v. Eng'g Design, Inc., 534 So. 2d 896, 897 (Fla. 5th DCA).

Here, without addressing the merits of the Complaint, Defendant argues that Plaintiff's lawsuit was frivolous because it was dismissed as being time barred under the statute of limitations. Actions that are time barred under the statute of limitations are not necessarily frivolous. "The statute of limitations defense is an affirmative defense that if not asserted in a responsive pleading is generally deemed waived." Kelly v. Balboa Ins.

4

Co., 897 F. Supp. 2d 1262, 1269 (M.D. Fla. 2012) (citing Am. Nat. Bank of Jacksonville v. Federal Deposit Ins. Corp., 710 F.2d 1528, 1537 (11th Cir.1983)); see also Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197, 1208 (M.D. Fla. 2015) (finding that a defendant waived the statute of limitations as a defense to FDCPA and FCCPA claims by failing to raise it before or during trial). Thus, the Court finds that the dismissal of Plaintiff's FDCPA and FCCPA claims as time barred does not, alone, prove frivolity. Accordingly, as Defendant has not shown that Plaintiff's lawsuit failed to raise a justiciable issue of law or fact, Defendant is not entitled to an award of attorney's fees under the FCCPA. Thus, the Court finds that Defendant's motion for attorney's fees is due to be denied.

### III. CONCLUSION

Upon consideration of the Report and Recommendation and in conjunction with an independent examination of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 201), is **CONFIRMED** and **ADOPTED** as part of this Order.
2. Defendant's Objection to Magistrate's Report, (Dkt. 202), is **OVERRULED**.
3. Defendant's Motion for Attorney's Fees, (Dkt. 197), is **DENIED**.
4. Plaintiff's Motion to Strike Defendant's Objection to Magistrate's Report and Recommendation, (Dkt. 203), is **DENIED AS MOOT**.

**DONE and ORDERED** in Tampa, Florida, this 26th day of November 2018.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties